UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:16-CV-00139-TBR

SOUTHWINDS CONTRACTING, INC.                                              PLAINTIFF

v.

JOHN J. KIRLIN SPECIAL PROJECTS, LLC,                                     DEFENDANT
*a foreign limited liability company*

## Memorandum Opinion

This matter is before the Court upon Defendant John J. Kirlin Special Projects, LLC's[1] motion to transfer venue. [DN 6.] Plaintiff Southwinds Contracting, Inc. has responded, [DN 8], and Kirlin has replied, [DN 9]. Fully briefed, Kirlin's motion is ripe for adjudication. For the following reasons, that motion [DN 6] is GRANTED.

## I. Facts and Procedural History

Kirlin is a prime contractor which, at some point prior to April 2013, was awarded a contract to construct the Taylor Dental Clinic in Fort Campbell, Tennessee.[2] Southwinds, a subcontractor, submitted a bid to Kirlin to perform certain items of work on the Clinic project. [DN 1-1 at 5.] After some negotiations between the parties, Southwinds submitted a revised bid, which Kirlin accepted. [*Id.*] The parties then executed a Subcontract Agreement, stating a contract price

---

[1] Defendant states that John J. Kirlin Special Projects, LLC, is now named "Kirlin Builders, LLC." [DN 6 at 1.]  For simplicity's sake, the Court refers to Defendant as "Kirlin" in this opinion.
[2] The parties seem to dispute the project's location.  Southwinds' complaint, and the subcontract itself, state that the Taylor Dental Clinic project is located in Fort Campbell, Kentucky.  *See* [DN 1-1 at 5; DN 6-1 at 1.]  Kirlin, however, claims that despite the language of the subcontract, the Clinic is located on the Tennessee side of Fort Campbell, submitting the declaration of William T. Powell to that effect.  [DN 6-2 at 1.]

of $1,917,135.00 for the work Southwinds was to perform. [DN 6-1 at 2.] Representatives for both Southwinds and Kirlin signed the Agreement. [*Id.*]

Southwinds filed the instant suit in Christian County, Kentucky Circuit Court on August 4, 2016. *See* [DN 1-1 at 2.] In its complaint, Southwinds alleges that following execution of the Agreement, the parties disagreed about the scope of work Southwinds was supposed to perform, and orally agreed that Southwinds would perform more work than what was originally provided for in the Agreement. [*Id.* at 7.] Southwinds further claims that Kirlin has not compensated it for the additional work, and has in fact deducted $98,929.85 from the contract price. [*Id.*]

After Kirlin was served with Southwinds' complaint, Kirlin removed the case to this Court, citing diversity of the parties as this Court's basis for subject matter jurisdiction. [*See* DN 1.] Southwinds' complaint states that it is a Kentucky corporation with its principal place of business in Oak Grove, Kentucky. [DN 1-1 at 4.] Kirlin states that it is a Delaware limited liability corporation with its principal place of business in Rockville, Maryland. [DN 6-2 at 1-2.] Following removal of the case, Kirlin filed this motion pursuant to 28 U.S.C. §§ 1404 and 1406, seeking transfer to either the United States District Court for the District of Maryland or the Middle District of Tennessee. [DN 6 at 1.] As grounds for its motion, Kirlin points to the following provision contained in the parties' Agreement:

> Any suit, action or proceeding permitted under this Subcontract and initiated by one of the parties hereto against the other on any matters whatsoever rising out of or in connection with this Subcontract, shall be filed and maintained in the state where [Kirlin's] office address is located as set forth above, or at [Kirlin's] sole opinion, in the state or federal court nearest the Project site.

2

[DN 6-1 at 5.] In response, Southwinds argues that venue in this Court is proper pursuant to 28 U.S.C. § 1391, and that the forum-selection clause is unenforceable. [*See* DN 8.]

## II. Standard of Review

A defendant's motion to transfer a case pursuant to a contractual forum-selection clause is properly viewed as a motion to transfer venue under 28 U.S.C. § 1404(a). *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Ct. for the Western Dist. of Tex.*, __ U.S. __, 134 S.Ct. 568, 575 (2013). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In deciding whether to transfer the case, the district court's task is twofold. First, the court must determine if the forum-selection clause is valid and enforceable by considering "(1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust." *Wong v. PartyGaming, Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009) (citing *Sec. Watch, Inc. v. Sentinel Sys., Inc.*, 176 F.3d 369, 375 (6th Cir. 1999)). "The party opposing the forum selection clause bears the burden of showing that the clause should not be enforced." *Id.* (citing *Shell v. R.W. Sturge, Ltd.*, 55 F.3d 1227, 1229 (6th Cir. 1995)). If the clause is enforceable, the court must then transfer the case pursuant to the clause unless "extraordinary

circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Atlantic Marine*, 134 S.Ct. at 575.

### III. Discussion

This case involves a dispute between a Kentucky plaintiff and a Maryland defendant regarding a Tennessee construction project. The Agreement between the parties specifies that disputes between the parties regarding the project shall be heard in the state where Kirlin, the defendant, is located. Because that forum-selection clause is enforceable, the Court may weigh only the public interest factors to determine whether this case should be transferred. In turn, those factors weigh in favor of transfer, so pursuant to 28 U.S.C. § 1404(a), the Court must transfer this case to the United States District Court for the District of Maryland.

The Supreme Court recently addressed a very similar set of facts to the case at bar in *Atlantic Marine Construction Co., Inc. v. United States District Court for the Western District of Texas*, \_\_ U.S. \_\_, 134 S.Ct. 568 (2013). In that case, Atlantic Marine contracted with the U.S. Army Corps of Engineers to construct a child-care development center at Fort Hood, Texas. *Id.* at 575. Atlantic Marine then entered into a subcontract with J-Crew Management, Inc. *Id.* The subcontract contained a forum-selection clause requiring all disputes between the Atlantic Marine and J-Crew to be litigated in either a state or federal court located in Norfolk, Virginia, where Atlantic Marine was headquartered. *Id.* However, after a dispute regarding payment, J-Crew sued Atlantic Marine in the Western District of Texas, the district embracing the Fort Hood construction site. *Id.* at

4

576. Atlantic Marine, like Kirlin in the instant case, argued that venue in the Western District of Texas was "wrong" under 28 U.S.C. § 1406, and in the alternative, asked the district court to transfer the case to the Eastern District of Virginia pursuant to § 1404(a). *Id*. Weighing the factors listed in § 1404(a), the district court declined to transfer the case, and the Fifth Circuit denied Atlantic Marine mandamus relief. *Id*.

A unanimous Supreme Court held that "a forum-selection clause does not render venue in a court 'wrong' or 'improper' within the meaning of § 1406(a) or Rule 12(b)(3)." *Id*. at 579. Rather, "a forum-selection clause may be enforced by a motion to transfer under § 1404(a)." *Id*. at 575. According to the Court, "[w]hen the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Id*. at 581 (footnote omitted). The *Atlantic Marine* Court further counseled courts considering such motions, stating that "[t]he presence of a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis in three ways." *Id*. "First, the plaintiff's choice of forum merits no weight." *Id*. "Second, a court evaluating a defendant's § 1404(a) motion to transfer based upon a forum-selection clause should not consider arguments about the parties' private interests." *Id*. at 582. "Third, when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's

5

choice-of-law rules—a factor that in some circumstances may affect public-interest considerations."  *Id*.

Based upon the Supreme Court's decision in *Atlantic Marine*, then, this Court must view Kirlin's motion through the lens of § 1404(a), rather than § 1406 as Kirlin suggests.  When evaluating Kirlin's § 1404(a) motion, the Court may not give any weight to Southwinds' choice of forum, nor may it consider the parties' various arguments about their private interests.  *Id*. at 581-82.  The Court will deny Kirlin's motion only if "extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer."  *Id*. at 575.  However, the Supreme Court's holding in *Atlantic Marine* presupposed the existence of a valid forum-selection clause.  *Id*. at 581 n.5.  Therefore, this Court's first task is to determine whether the forum-selection clause contained in the Agreement between Kirlin and Southwinds is valid.

In order to make this threshold determination, the Court must decide which jurisdiction's law applies.  This is a breach of contract action, and diversity of citizenship forms the basis for the Court's jurisdiction.  Thus, if the validity of a forum-selection clause is viewed as a procedural issue, federal law governs.  *Erie R.R. Co. v. Tompkins*, 304 U.S. 65 (1938).  Conversely, if the issue is one of substantive law, the *Erie* doctrine dictates that state law wins the day.  In this case between a Maryland contractor and a Kentucky subcontractor, involving a dispute over a contract purportedly governed by Maryland law and a Tennessee construction project, determining which state's forum-selection clause law to apply

6

would be a tedious task indeed. Helpfully, the Sixth Circuit has already answered this question. In *Wong v. PartyGaming Ltd.*, the court adopted the majority position, holding that in diversity cases, "the enforceability of the forum selection clause is governed by federal law." 589 F.3d 821, 828 (6th Cir. 2009).

*Wong* involved a dispute between a group of Ohio online poker players and a Gibraltar-based poker website, PartyGaming. *Id.* at 825. The players alleged that they suffered harm because PartyGaming failed to enforce the anti-collusion policy contained in its "Terms and Conditions of Use," to which all players had to agree before gambling on the website. *Id.* The terms and conditions also included a forum-selection clause requiring all disputes to be litigated in the courts of Gibraltar. *Id.* The Sixth Circuit held that the forum-selection clause was valid and enforceable, *id.* at 830, and identified the factors reviewing courts must consider in making this determination:

> When evaluating the enforceability of a forum selection clause, [courts] look[] to the following factors: (1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust.

*Id.* at 828 (citing *Sec. Watch, Inc. v. Sentinel Sys., Inc.*, 176 F.3d 369, 375 (6th Cir. 1999)).

Here, Southwinds, the party opposing the forum-selection clause, bears the burden of showing that it should not be enforced. *Id.* It has not met that burden. First, Southwinds has not argued that the forum-selection clause "was obtained by fraud, duress, or other unconscionable means," *id.*, nor is there any evidence

7

suggesting the same. Second, there is no reason to believe that the District of Maryland, a fellow United States District Court, "would ineffectively or unfairly handle the suit," especially when the Sixth Circuit "ha[s] previously enforced forum selection clauses that specified an English forum, a German forum, and a Brazilian forum." *Id*. at 829 (citing cases). Finally, Southwinds has not shown "that enforcement of the clause would be so inconvenient such that its enforcement would be unjust or unreasonable." *Id*. (citing *Preferred Capital, Inc. v. Assocs. of Urology*, 453 F.3d 718, 721 (6th Cir. 2006)). On this point, Southwinds argues that its "only connection to Maryland is the forum selection clause." [DN 8 at 4.] But this is not the case. Southwinds also knowingly contracted with Kirlin, a company headquartered in Maryland. Ultimately, Southwinds and Kirlin are two commercial entities with substantially equivalent bargaining power, and absent a showing that enforcement of the forum-selection clause was unconscionably obtained or that its enforcement would be unfair or unjust, this Court must respect the bargain struck by the parties. *See Wong*, 589 F.3d at 828.

Having concluded that the forum-selection clause in the Southwinds—Kirlin contract is enforceable, the Court must now weigh only the relevant public-interest factors. *Atlantic Marine*, 134 S. Ct. at 582. Those factors "may include 'the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law.'" *Id*. at 518 n.6 (quoting *Piper Aircraft v. Reyno*, 454 U.S. 39, 32 (1955)) (alteration in original). "Because

those factors will rarely defeat a transfer motion, . . . forum-selection clauses should control except in unusual cases." *Id.* at 582. Neither party has addressed the first factor, judicial economy. However, the Court notes that the median time from filing to disposition in a civil case is about two months shorter in the District of Maryland than in the Western District of Kentucky. *See* Administrative Office of the U.S. Courts, *U.S. District Courts-Combined Civil and Criminal Federal Court Management Statistics* (June 30, 2016), http://www.uscourts.gov/ statistics/table/na/federal-court-management-statistics/2016/06/30-3. Second, because performance under the parties' Agreement was not due in this District, the Western District of Kentucky has no greater local interest in adjudicating this dispute than does the District of Maryland. Finally, the contract between Southwinds and Kirlin states that the contract "shall be governed by the laws of the state where [Kirlin's] office address is located." [DN 6-1 at 5.] While this Court is certainly capable of interpreting and applying Maryland law, the District of Maryland does indeed have a greater interest in hearing this case that will likely be decide based upon Maryland law. Therefore, the public interest factors relevant to Kirlin's § 1404(a) motion weigh in favor of transfer.

## IV. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED:

Defendant's motion to transfer [DN 6] is GRANTED. The Clerk is directed to transfer the above-captioned action to the United States District Court for the District of Maryland, Southern Division. An appropriate order will follow.

CC: Counsel of Record